Keith D. Fraser (State Bar No. 216,279)
keith@fraserfirm.com
THE FRASER FIRM, P.C.
420 North Camden Drive
Beverly Hills, California 90210
Tel: (213) 864-1395

Attorneys for Plaintiff,
Wow Virtual Reality, Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOW VIRTUAL REALITY, INC., a California Corporation.<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., A Delaware Corporation<br><br>Defendant. | Case No. 2:17-CV-0331<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; CONTRIBUTORY TRADEMARK INFRINGEMENT; VICARIOUS TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN; FEDERAL TRADEMARK DILUTION; STATE UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:<br><br>Trial Date: Not Set |

## JURISDICTION AND VENUE

1. This is an action for Trademark infringement, contributory trademark infringement, vicarious trademark infringement, unfair competition, unfair business practices, and trademark dilution and this controversy arises under the Trademark Act, 15 U.S.C. §1051 *et seq*. Accordingly, this Court has exclusive subject matter jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331 and §1338(a). In addition, this Court has jurisdiction of the pendent State Law claims pursuant to 28 U.S.C. §1367 in that they are interrelated to the Federal Law Claims and arise from a common nucleus of operative fact such that resolution of the claims with the federal law claims furthers the interest of judicial economy.

2. This Court has general personal jurisdiction over the Defendant because they reside in and/or have continuous, systematic business in California.

3. This Court has specific personal jurisdiction over the Defendant because the Defendant has systematic and continuous business contacts with respect to the infringed mark that is the subject of this lawsuit and the Defendant has purposefully availed itself of this jurisdiction with respect to the commercial exploitation of the infringed mark that is the subject of this lawsuit.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391 because Defendant is subject to personal jurisdiction in this Judicial District and has committed acts of trademark infringement in this Judicial District.

# INTRODUCTION

5. This is an action for, among other things, willful trademark infringement of the U.S. Trademark "VR BOX", which bears U.S. Trademark Registration Number 5,021,219. Plaintiff Wow Virtual Reality, Inc. (hereinafter "Plaintiff" or "Wow VR") is the duly assigned and registered owner of the mark "VR Box" in International Classes 9 for "Virtual reality headsets and helmets adapted for use in watching pre-recorded video tapes featuring movies, animation and computer generated images" and in International Class 28 for "Virtual reality headset and helmets adapted for use in playing video games in the nature of software applications."

6. Defendant Amazon.com Inc., has intentionally infringed Plaintiff's registered trademark by, among other things, failing and/or refusing to remove infringing products offered by third party sellers from the Defendant's "Amazon.com" website despite Plaintiff specifically identifying said infringing third party sellers and despite Amazon's acknowledgment and/or knowledge of such infringement. Moreover, Amazon's failure and/or refusal to remove specific infringing products from its website was and is motivated by Amazon's intent to knowingly profit from such infringement by means of express and/or implied agreements and/or financial arrangements with said third party sellers whereby Amazon directly supervises, participates in, and facilitates the infringing activities of the third party sellers.

**THE PARTIES**

7. Plaintiff Wow VR is a corporation formed under the laws of the state of California, with its headquarters in Los Angeles County.

8. Defendant Amazon.com Inc. (hereinafter, “Amazon”) is, on information and belief, a Delaware corporation with its headquarters located in Seattle, Washington. Amazon is an e-commerce retailer that is in the business of, among other things, providing a marketplace and other services to sellers of various products, including but not limited to virtual reality headsets and other related merchandise. Upon information and belief, Amazon maintains offices in this District and purposefully avails itself of this State, and has systematic and continuous contacts with this District and has generated significant revenues in this District with respect to its online commerce and specifically, with respect to its trademark infringement of the VR BOX mark.

**FACTUAL ALLEGATIONS**

9. In or about the Fall of 2011, Amaze Pictures, Inc. (“Amaze”), a predecessor in interest to Plaintiff Wow VR, began business with the intent to enter the then nascent field of virtual reality. Amaze and Wow VR CEO, Araz Mamet (“Mamet”) decided to focus on manufacturing and selling virtual reality headsets to retail consumers for use by those consumers in viewing and experiencing virtual reality games, movies, and images. Mamet coined the brand name “VR Box” for the virtual reality headsets and by November of 2015,

Amaze began the retail sale of virtual reality headsets under the VR Box brand. Amaze sold and continues to sell its virtual reality headsets under the VR Box mark via its company website and through selected licensed sellers.

10. Pursuant to the use of the VR Box brand name, Amaze duly applied to register the trademark for the standard character mark "VR Box" on the Principal Register for International Classes 9 and 28. The United States Patent and Trademark Office approved and issued the registered trademark on August 16, 2016. Thereafter, Amaze assigned its interest in VR BOX to Plaintiff Wow VR. Mamet is also the CEO of Wow VR. A true and correct copy of the Registration Certificate is attached hereto as **Exhibit "A."** A true and correct copy of the Recorded Assignment is attached hereto as **Exhibit "B."**

11. Prior to the issue date of Plaintiff's trademark, Plaintiff discovered that several companies, primarily based in China, were selling counterfeit virtual reality headsets with the VR Box brand in the United States. Plaintiff had not provided a license to these third party sellers and had not otherwise authorized their use of the VR Box mark on the virtual reality headsets sold.

12. Upon further investigation, Plaintiff discovered that a large number of these third party sellers were selling the counterfeit virtual reality headsets under the VR Box mark through Amazon seller accounts. Specifically, U.S. consumers were able to purchase counterfeit VR Box virtual reality headsets from these infringing sellers via Defendant's website Amazon.com.

13. According to information provided by Defendant on its Amazon.com website, Defendant represented that it protected the rights of owners of intellectual property and, pursuant to that representation, provided a mechanism whereby owners of intellectual property rights, including owners of registered trademarks, could contact Amazon and report any infringing activity occurring on Amazon.com. Defendant further represented that any such report would be investigated and Defendant would take action against any infringing sellers on Amazon.com by removing those infringing sellers from Amazon.com.

14. Accordingly, beginning in September 2016, Plaintiff contacted Defendant via the submission of a series of reports through Defendant's website, Amazon.com. In those reports, Plaintiff identified numerous infringing sellers selling VR Box branded virtual reality headsets on Amazon.com. Plaintiff requested that Defendant remove these infringing sellers. Attached hereto as **Exhibit "C"** are true and correct copies of "Infringement Reports" submitted by Plaintiff to Defendant.

15. Defendant responded to Plaintiff's Infringement Reports by removing (or suspending) a small number of the infringing sellers identified by Plaintiff. The majority of the infringing sellers identified by Plaintiff in the Infringement Reports were not removed or suspended. Despite Plaintiff's requests, Defendant provided no explanation to Plaintiff why it removed only a small number of the infringing sellers identified and not all of them. Nor did Defendant otherwise

provide an explanation or any details regarding any distinction or difference it may have found with respect to the infringing activity (or non-infringing activity) of the sellers it removed and the sellers it did not remove.

16. Pursuant to the seemingly arbitrary action taken by Defendant in removing some infringing sellers and not others, and receiving no explanation from Defendant for its action, Plaintiff reviewed the Infringement Reports and analyzed the infringing sellers identified in those reports. As a result of its review, Plaintiff could find no difference with respect to the infringing activity of the sellers identified in the Infringement Reports. Specifically, each of the infringing sellers identified by Plaintiff were involved in the same infringing behavior, namely, selling counterfeit VR Box virtual reality headsets with the VR Box mark and without authorization from Plaintiff.

17. Plaintiff's did however detect a pattern. Specifically, more often then not, if the infringing seller was designated as an "Amazon Prime" seller or a "Fulfillment" seller and exhibited significant sales, then Defendant did not remove or suspend that infringing seller. Also more often than not, the infringing sellers complained-of by Plaintiff that were removed or suspended by Amazon were infringing sellers that sold a relatively small volume of counterfeit VR Box products.

18. According to information provided by Defendant on its Amazon.com website, and on information and belief, Defendant "partners" with an Amazon

Prime or Fulfillment seller by providing to that seller various additional services designed to facilitate a higher volume of sales. Specifically, Defendant, as part of this partnership, provides warehousing of the products to be sold by the seller, prepares and provides invoicing and other paperwork associated with sales of said products by the seller, and ships said products to the buyer from Defendant's warehouses using its employees and vehicles or contractors. Pursuant to this partnership, and in return for providing these services to Amazon Prime and Fulfillment sellers, Defendant receives a larger percentage of the sales revenue generated by sales of products by such sellers.

19. Thereafter, in late December 2016, Plaintiff contacted Defendant and notified them that Defendant had not properly removed all of the infringing sellers that Plaintiff had identified and that Defendant had not provided any rational explanation for not removing all of the identified infringing sellers. Plaintiff also advised Defendant that Plaintiff suspected that Amazon was refusing or otherwise failing to remove properly identified infringing sellers that were also Amazon Prime or Fulfillment sellers in partnership with Defendant. A true and correct copy of Plaintiff's correspondence is attached hereto as **"Exhibit D."**

20. In response, Amazon again removed some infringing sellers that Plaintiff had identified but, again, continued to allow many more of the identified infringing sellers to sell infringing VR Box products. Plaintiff again notified that

Amazon had not removed all of the Amazon Prime or Fulfillment sellers. A true and correct copy of Plaintiff's correspondence is attached hereto as **"Exhibit E."**

21. Thereafter, on or about January 17, 2017, Amazon contact Plaintiff and stated that it was unable to remove infringing sellers identified by Plaintiff or otherwise properly respond to Plaintiff's request because it needed additional information, including, among other things, specific identifying information for each infringing seller. A true and correct copy of Amazon's correspondence is attached hereto as **"Exhibit F."**

22. Notwithstanding the fact that Plaintiff had previously provided the specific identifying information that Defendant was now requesting, on or about January 31, 2017, Plaintiff responded to Amazon's request for specific identifying information by again providing to Amazon all of the information requested. Again, Plaintiff provided specific identifying information regarding the Amazon infringing sellers, including, but not limited to, the seller's name, the listing description, and the listing ASIN number for each listing. A true and correct copy of Plaintiff's correspondence is attached hereto as **"Exhibit G."**

23. To this date, Amazon has not responded to Plaintiff's correspondence. As such, numerous infringing sellers specifically identified by Plaintiff, including Amazon Prime sellers and Fulfillment Sellers, continue to sell counterfeit virtual reality headsets with the VR Box mark on the Amazon website with Amazon's

knowledge, tacit approval and for Amazon's benefit. Furthermore, Amazon, in active concert with these specifically identified infringing sellers, continues to refuse to remove them and their infringing products from the Amazon.com website. As such, Defendant continues to partner with these infringing sellers and continues to facilitate these infringing sales in the manner set forth above to Defendant's benefit and Plaintiff's detriment.

## CAUSES OF ACTION

## COUNT 1

### Trademark Infringement under 15 U.S.C §§1114 and 1125(a) Against Defendant Amazon.

24. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-23 of this Complaint.

25. The actions of Defendant described above and specifically, without limitation: Defendant's listing of counterfeit and infringing products on its Amazon.com website with knowledge of the specific infringing sellers and with knowledge of the specific counterfeit and infringing products; Defendant's facilitation of the infringing sellers sales of counterfeit and infringing products, and Defendant's refusal to remove specific counterfeit and infringing products and specific counterfeiting and infringing sellers from its Amazon.com website despite knowledge of the specific counterfeit and infringing products and sellers, constitute trademark infringement in violation of 15 U.S.C. §§1114 and 1125(a).

26. The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered damage and continues to suffer damages in an amount to be proven at trial consisting of among other things diminution in the value of and goodwill associated with the VR BOX mark, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C §1116.

27. Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of virtual reality headsets bearing the VR BOX mark sold by third parties through the Amazon.com website, and the costs of this action.

28. Further, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the knowledge that the products offered and to be offered by the counterfeit and infringing sellers were counterfeit and were infringing. Accordingly, pursuant to 15 U.S.C. § 1117(b), Plaintiff is entitled to treble damages and reasonable attorneys fees. Also, Plaintiff is entitled to recover statutory damages in an amount up to $ 2 million per infringement pursuant to 15 U.S.C. § 1117 (c).

**COUNT 2**

**Contributory Trademark Infringement Against Defendant Amazon.**

29. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-28 above.

29. The numerous infringing sellers selling infringing products on the Amazon.com website, including those identified herein, are engaged in illegal conduct including but not limited to the promotion, advertisement, offer for sale, sale and distribution of counterfeit goods in violation of the Lanham Act, as amended.

30. Defendant has actual knowledge of the infringing sellers and their illegal activity, from among other things, written notification by counsel and agents for Plaintiff.

31. Defendant has deliberately disregarded these notifications and have otherwise consciously permitted the illegal counterfeiting and infringing activities on the Amazon.com website by the specifically identified infringing sellers.

32. Defendant has materially encouraged, enabled, and contributed to the infringing conduct on the Amazon.com website by, among other things, hosting the counterfeiting and infringing sellers on the Amazon.com website, providing the far-reaching selling platform offered by the Amazon.com website to the counterfeit and infringing sellers for the offer and sale of their counterfeit products, displaying offers for counterfeit and infringing products, facilitating communications and sales by and between the infringing sellers and their consumers, warehousing and shipping of counterfeit products from Defendant to customers of the counterfeit and infringing sellers.

33. Defendant therefore is liable for contributing to the counterfeiting and infringing of Plaintiff's trademarks in violation of 15 U.S.C.§ 1051 *et seq.* and the common law.

34. Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of the contributory counterfeiting and infringing conduct of Defendant.

35. Plaintiff has sustained damages as a result of Defendant's wrongful contributory conduct in an amount to be ascertained at trial. Moreover, Plaintiff is entitled to treble damages and statutory damages and attorneys fees as set forth above pursuant to 15 U.S.C. §1117(b) and (c). Specifically, Defendant has provided the counterfeit and infringing sellers identified herein with the goods and services necessary to the commission of trademark counterfeiting and infringement with the intent that those counterfeiting and infringing sellers would put such goods and services to use in committing the trademark counterfeiting and infringement.

## COUNT 3

### Vicarious Trademark Infringement Against Defendant Amazon

36. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-35 above.

37. Defendant had and continues to have an actual or apparent relationship or partnership with numerous sellers of counterfeit and infringing VR BOX products, including the infringing and counterfeiting sellers identified herein.

38. Defendant intended to derive a financial benefit from the counterfeiting and infringing conduct of these sellers when Defendant entered into the actual or apparent partnership with these infringing sellers. Defendant has and does derive such a financial benefit.

39. Further, by the nature of Defendant's role in the actual or apparent partnership as provider of numerous services outlined above to the counterfeiting and infringing sellers, including, but not limited to, the warehousing and storage of counterfeit goods, the shipping of counterfeit goods to infringing seller's customers, Defendant exercises joint ownership or control of the counterfeit and infringing products.

40. Despite Defendant's right, obligation and ability to control these other infringers, it has taken no substantial steps to stop or otherwise prevent the ongoing counterfeiting and infringement by the counterfeiting and infringing sellers.

41. Accordingly, Defendant is vicariously liable to Plaintiff for (a) an amount representing three (3) times Plaintiff's damages or Defendant's illicit profits; and (b) reasonable attorneys' fees, costs and pre-judgment interest pursuant to

15 U.S.C. ¶1117(b) and the common law. Plaintiff it also entitled to statutory damages as set forth above pursuant to 15 U.S.C. 1117(c)

## COUNT 4

### Federal Unfair Competition and False Designation of Origin

### 15 U.S.C. § 1125(a)

42. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-41 of this Complaint.

43. Defendant has deliberately and willfully attempted to trade on Plaintiff's goodwill in its name and mark and the reputation established by Plaintiff in connection with its products and in order to confuse consumers as to the original of Defendant's' partner's goods and to pass of their product s in commerce as those of Plaintiff.

44. Defendant unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products offered under Plaintiff's mark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant.

45. Defendant's conduct is likely to cause confusion, mistake or deception as o the affiliation, connection or association of Defendant and its selling partners with Plaintiff and as to the origin, sponsorship or approval of Defendant and its partner's' products in violation of 15 U.S.C. §1125(a)

46. Defendant had direct and full knowledge of Plaintiff's prior use of and rights in its mark before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. §1117(a).

47. As a result of Defendant's aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to supper irreparable harm unless this Court enjoins Defendant's conduct.

**COUNT 5**

**Federal Trademark Dilution**

**15 U.S.C. §1125(c)**

48. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-47 of this Complaint.

49. The VR BOX mark is famous and is entitled to protection against dilution by blurring or tarnishment and reverse dilution.

50. Defendant commenced us of the VR Box mark in commerce after the name and mark had become famous and Defendant's conduct and use of the mark in the manner alleged has been done with the intent to establish an association between Defendant and the mark.

51. By using the VR BOX mark in the manner described above in which consumers are deceived as to the nature of the products provided, the origin of those products, and the charges for those products, Defendant has injured and will continue to injure Plaintiff ‘s business reputation, have tarnished the distinctive quality of Plaintiff ‘s famous mark and have lessened the capacity of Plaintiff’s mark to identify and distinguish Plaintiff’s goods in violation of U.S.C. §1125(c)

52. As a result of Defendant’s wrongful conduct described above, Plaintiff has suffered substantial damages, as well as the continuing loss of goodwill and reputation established by Plaintiff in its mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this court enjoins Defendant’s conduct.

## COUNT 6

## Statutory Unfair Competition under California Business and Professions Code §§ 17200 and 17500 et seq.

53. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-47 of this Complaint.

54. Defendant’s actions described above and specifically, without imitation, Defendant’s use of the VR BOX trademark in commerce by participating in, facilitating and otherwise promoting the infringing sales by third party sellers

with which Defendant has entered into selling agreements constitute trademark infringement, false advertising, and unfair competition in violation of the laws of the State of California.

55. By these actions, Defendant has engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Bus. & Prof. Code §§ 17200 and 17500, et seq., and as a result, Plaintiff has been damaged and will continue to suffer damage to its business, reputation and goodwill.

56. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless the Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays for judgment in his favor and against Defendant and an order providing the following relief:

A. Entry of an order (on a preliminary and permanent basis) requiring that Defendant and its officers, agents, servants, employees, owners representatives, sellers, selling partners, customers and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

   a. Using in any manner the VR BOX mark;

b. Using or displaying the VR BOX mark on the Amazon.com website,

c. Listing, permitting the listing by third parties and/or approving the listing by third parties, of any product on Amazon.com that uses, displays, incorporates or has affixed the VR BOX mark without previous authorization from Plaintiff.

d. Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of Plaintiff's products as to the source of Plaintiff's products offered for sale, distributed, or sold.

B. Ordering Defendant, pursuant to 15 U.S.C. §1116(a), to file with this Court and to serve on Plaintiff within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which defendant has complied with the injunction.

C. Ordering Defendant to provide an accounting of profits made by Defendant as a result of Defendant's unlawful conduct;

D. Ordering Defendant to pay a Judgment in the amount of Plaintiff's actual damages under 15 U.S.C.§1117, as well as Defendant's profits, and pre and post judgment interest pursuant to 15 U.S.C.§1117, in an amount to be proven at trial;

E. Ordering Defendant to pay Plaintiff's reasonable attorneys fees and costs of this action under 15 U.S.C.§1117 and other applicable law;

F. Ordering Defendant to pay a judgment for enhanced damages under 15 U.S.C.§1117 as appropriate;

G. Ordering Defendant to pay statutory damages under 15 U.S.C. §1117(c).

H. Any other and further relief that this Court finds just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiffs respectfully demand a trial by jury.

Dated: May 2, 2017

/s/ Keith D. Fraser
Keith D. Fraser (SBN 216,279)
THE FRASER FIRM, P.C.
420 North Camden Drive
Beverly Hills, California, 90210
(213) 864-1395
keith@fraserfirm.com